IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUSANNE BECKER,<br><br>    Plaintiff,<br><br> vs.<br><br>JOEL FORBIS, and SUSANNE ALLEN,<br><br>    Defendants. | 8:23CV478<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the Court on Plaintiff's Motion for Counsel and Waiver of Fees, Filing No. 4, and on the Court's own motion. Plaintiff filed a Complaint, Filing No. 1, on October 30, 2023. However, Plaintiff failed to include the $405.00 filing and administrative fees. Plaintiff has the choice of either submitting the $405.00 filing and administrative fees to the Clerk's office or submitting a request to proceed in forma pauperis. Failure to take either action within 30 days will result in the Court dismissing this case without further notice to Plaintiff.

  Plaintiff's filing captioned a "Motion for Counsel and Waiver of Fees" is difficult to discern. The Court concludes that it is not a motion to proceed in forma pauperis (IFP). Under 42 U.S.C. § 1915, an indigent party may bring a lawsuit in federal court without paying the court's required costs and fees. An application to proceed IFP requires the party to submit an affidavit asserting the party's inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." § 1915(a)(1). The Court cannot identify any language that suggests Plaintiff wishes to proceed IFP, nor does Plaintiff submit an

affidavit in support. Moreover, Plaintiff's other cases suggest she is aware of the IFP procedure. *See, e.g., Becker v. Schenider, et al.*, Case No. 8:23-cv-449.

Plaintiff also references 28 U.S.C. § 2412(d)(1)(A) and asserts that Defendants will have to pay if found liable for their acts against Plaintiff, an Indian. Plaintiff asserts that, as a Choctaw Cherokee Indian, she has the right to be appointed as an "assistant deputy commissioner" and need not pay filing fees. Plaintiff's request has no basis in law and is therefore denied.

Additionally, liberally construed, Plaintiff requests the appointment of counsel, specifically the appointment of the United States Attorney to represent her pursuant to 25 U.S.C. § 175 because she claims she is Choctaw Cherokee Indian. Filing No. 4. However, § 175 does not require the appointment of counsel any time a member of a federally recognized Indian tribe requests it in any civil suit. The statute provides: "In all States and Territories where there are reservations or allotted Indians the United States attorney shall represent them in all suits at law and in equity." 25 U.S.C. § 175. As several courts have recognized, § 175 "is not mandatory and . . . its purpose is no more than to ensure Native Americans adequate representation in suits to which they might be parties." *Scott v. Hormel*, 854 F. App'x 958, 960 (10th Cir. 2021) (quoting *Navajo Nation v. San Juan Cnty.*, 929 F.3d 1270, 1278 (10th Cir. 2019) (internal alterations and quotation marks omitted)); *see also Robinson v. New Jersey Mercer Cnty. Vicinage-Fam. Div.*, 514 F. App'x 146, 151 (3d Cir. 2013) ("the unanimous weight of authority suggests that the duty of representation contained [in § 175] is discretionary, not mandatory"); *Siniscal v. United States*, 208 F.2d 406, 410 (9th Cir. 1953) (same).

There is no constitutional or statutory right to appointed counsel in a civil case. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 Fed. Appx. 3, 4 (8th Cir. 2021) (unpublished) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)); *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). Having carefully considered the record, the Court will not appoint counsel at this time.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Counsel and Waiver of Fees, Filing No. 4, is denied.

2. Plaintiff is directed to submit the $405.00 fees to the Clerk's office or submit a request to proceed in forma pauperis within 30 days. Failure to take either action will result in dismissal of this matter without further notice.

3. The Clerk of the Court is directed to send to Plaintiff the Form AO240 ("Application to Proceed Without Prepayment of Fees and Affidavit").

4. The Clerk of the Court is directed to set a pro se case management deadline in this matter with the following text: **May 14, 2024**: Check for MIFP or payment.

Dated this 15th day of April, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge